852 A.2d 1073

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
CLARENCE M. MOORE, DEFENDANT–APPELLANT.

April 27, 2004.

## ORDER

This matter having come to the Court on a grant of certification, 178 *N.J.* 249, 837 *A.*2d 1092 (2003), to address numerous questions raised by defendant, including whether this Court should revisit its holding in *State v. Hurd,* 86 *N.J.* 525, 432 *A.*2d 86 (1981), permitting hypnotically-refreshed testimony at criminal trials under standards articulated in that opinion;

And this Court having indicated previously that, since our decision in *Hurd,* twenty-six jurisdictions or courts in the United States have concluded that such testimony is inadmissible *per se,* *State v. Fertig,* 143 *N.J.* 115, 124–25, 668 *A.*2d 1076 (1996);

And defendant having urged this Court to conclude similarly that such testimony is unreliable and inherently prejudicial and, therefore, inadmissible as a matter of law;

And the State having opposed defendant's petition in respect of all questions, including the question concerning *Hurd;*

And, more particularly, the State having argued that the holding in *Hurd* should remain the law of this State essentially for the reasons expressed in that opinion;

And the Appellate Division having agreed in part with defendant and having directed a remand for the purpose of allowing him the opportunity to challenge the specific hypnotically-induced testimony in this case;

And this Court having determined on prior occasions that when resolution of a critical issue depends on a full and complete record the Court should await, before decision, the development of such a record, *American Trucking Ass'ns v. State,* 164 *N.J.* 183, 183–84, 752 *A.*2d 1286 (2000); *State v. Downie,* 117 *N.J.* 450, 454, 569 *A.*2d 242, *cert. denied,* 498 *U.S.* 819, 111 *S.Ct.* 63, 112 *L.Ed.*2d 38 (1990);

And the Court having heard argument of the parties and having concluded that an inadequate factual record exists on which it can test the current validity of *Hurd;*

And the Court having concluded that, until such a record is established, the Court should not address the *Hurd* question or any other question raised by defendant in his petition for certification;

And for good cause appearing;

It is ORDERED that the matter summarily is remanded to the trial court for a plenary hearing to consider and decide whether the assumptions and other factors reflected in *Hurd* regarding hypnotically-induced testimony remain valid and appropriate, and to consider and decide any other issue raised by the parties related to that question generally or to this case specifically; and it is further

ORDERED that, subject to any rulings by the trial court regarding the proofs to be submitted on remand, defendant and the State each shall present before that court testimony and other proof, including expert testimony, in support of their respective positions; and it is further

ORDERED that the Attorney General of New Jersey and the Office of the Public Defender each shall participate in developing the aforesaid record; and it is further

ORDERED that on the entry of the trial court's opinion on remand, the parties, the Attorney General, and the Public Defender each shall have twenty-one days within which to file briefs and appendices in this Court; and it is further

ORDERED that on the completion of the briefing, the Court will determine whether additional oral arguments are required; and it is further

ORDERED that jurisdiction is otherwise retained.

Chief Justice PORITZ and Justices LONG, VERNIERO, LaVECCHIA, ZAZZALI, ALBIN, and WALLACE join in the Court's Order.