37 A.3d 1087

IN THE MATTER OF THE DECISION ON CAA 47–2007.

February 26, 2009.

## ORDER

This matter having come to the Court on a grant of a petition for review filed by Alpha Center for Divorce Mediation, P.C., seeking to challenge the November 28, 2007, decision of this Court's Committee on Attorney Advertising (CAA 47–2007), which concluded that *RPC* 7.5 did not permit use of the proposed trade name of "Alpha Center for Divorce Mediation, (Attorney's name), Managing Partner" by a divorce mediation center that provides legal advice and legal services in addition to mediation services;

And the Committee on Attorney Advertising (CAA) having determined that the use of the words, "Center for Divorce Mediation," which describes the nature of the practice, not the lawyers in the firm, is not permitted under *RPC* 7.5(e), and that the word "Alpha" similarly failed to describe the lawyers in the firm, and was vague and misleading, contrary to *RPC* 7.1(a)(3);

And the CAA having further determined that the proposed use of this trade name by this organization, which is not a "non-profit legal assistance organization," was not what the Court intended *RPC* 7.5(f) to permit;

And the CAA also having determined that the addition of a managing attorney's name failed to cure the problems with this trade name;

And the petition for review having claimed that *RPC* 7.5 permits the use of a trade name by organizations other than "non-profit legal assistance organizations," that its use of the name should be permitted under *RPC* 7.5(b) because it "practices" under the same name in another state, and, further, that to ban the use of its requested trade name, or a close approximation, would violate the First Amendment;

And the Court, although having recognized that the use of trade names by professionals, including attorneys, is a form of commercial speech, *see Friedman v. Rogers,* 440 *U.S.* 1, 12, 99 *S.Ct.* 887, 895, 59 *L.Ed.*2d 100, 111 (1979), nonetheless has asserted that a firm's official designation may be regulated more carefully than the commercial speech that takes place in ordinary advertising, *see On Petition for Review of Op. 475,* 89 *N.J.* 74, 87, 444 *A.*2d 1092, *appeal dismissed, sub nom. Jacoby & Meyers v. Supreme Court of N.J.,* 459 *U.S.* 962, 103 *S.Ct.* 285, 74 *L.Ed.*2d 272 (1982);

And the Court further having recognized that our aversion to the use of trade names, by law firms practicing in this State, has been fueled by concern that the use of such names poses "the serious possibility of practices that will mislead or otherwise disserve the public," *see* Michels, *New Jersey Attorney Ethics,* 1983 Report of the Supreme Court Committee on Attorney Advertising, Appendix E (2008);

And the Court having adhered to a Rule of Professional Conduct that states, as its general, opening proposition, that "[e]xcept for organizations referred to in *R.* 1:21–1[ (e) (legal services organizations) ], the name under which a lawyer or law firm practices shall include the full or last names of one or more of the lawyers in the firm or office or the names of a person or persons who have ceased to be associated with the firm through death or retirement," *RPC* 7.5(a), which requirement is subject to limited adjustment, for "a law firm having offices in more than one jurisdiction," *RPC* 7.5(b); and to a certain extent permits descriptive language about the firm, such as "& Associates" or "& Son," *see RPC* 7.5(e);

And, the Court having further noted that its taking a stricter and more traditional approach toward law firm names, in light of the role of that "official designation" for a firm, has not deterred the Court from permitting the Committee on Attorney Advertising to authorize greater leniency in respect of the domain name that a firm may use in the specialized sphere of internet advertising, *see CAA Opinion 32,* 180 *N.J.L.J.* 654 (June 6, 2005) (addressing

permissibility of alternative form of name used by law firm in connection with Uniform Resource Locator (URL));

And the Court having further determined that before it resolves the critical issue of a First Amendment challenge to a Rule of Professional Conduct that reflects the Court's long-held and decided preference to adhere to the use of an attorney's name in the official designation of a law firm, subject to the exception for the use of trade names by "non-profit legal services organizations," (see *RPC* 7.5(f)'s authorization of trade name use granted solely to subsection (a)'s carved out *Rule* 1:21–1(e) legal services organizations), the Court should be satisfied that there are no further adjustments to our present *RPC* that should be considered before resolving the question before it;

And the Court having determined on prior occasions that when resolution of a critical issue requires a more complete record, it should direct the development of the desired record prior to any decision on the merits, *see, e.g., State v. Moore*, 180 *N.J.* 459, 460, 852 *A.*2d 1073 (2004);

And the Court having heard the argument of the parties and having concluded that a more developed record is necessary for the proper exercise of its regulatory and policy-making role over the practice of law by attorneys in this State;

And good cause appearing;

It is ORDERED that the matter is remanded to the Committee on Attorney Advertising to consider and make recommendations on any additional information, or change in format, that this Court should allow in respect of law firm names, including specifically any additional or changed language that the Committee recommends for insertion into the present *RPC* 7.5; and it is further

ORDERED that in performing this task and rendering its recommendations, the Committee is to start by recognizing that this Court had traditionally preferred that the name or names of an attorney with the firm be the official designation of a law firm practicing in this State; and it is further

ORDERED that the Committee should consider and recommend what additional information or descriptive material, if any, the Court should allow without placing the public at risk of being deceived or otherwise disserved should the services of the attorney members of that practice be sought out; and it is further

ORDERED that the Committee is also to consider whether special rules should be established for attorney practices that include the performance of activities that may be performed by non-attorneys; and it is further

ORDERED that in recommending or determining to recommend for or against any particular change to the current *RPC,* the Committee is to include a full explication of the pros and cons of such action; and it is further

ORDERED that in addition to the parties to the matter before the Court, the Committee may invite or otherwise accept the participation of interested parties in its proceedings and further may invite public comment on its recommendations prior to submitting its report and recommendations to the Court; and it is further

ORDERED that on the filing of the Committee's report and recommendations, the Court will set a briefing schedule and will determine whether additional oral argument is required; and it is further

ORDERED that jurisdiction is otherwise retained.

Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO, and HOENS join in the Court's Order.