39 A.3d 147

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. LARRY
R. HENDERSON, DEFENDANT–APPELLANT.

February 26, 2009.

## ORDER

This matter having come to the Court on a grant of certification,
195 *N.J.* 521, 950 *A.*2d 907 (2008), to address whether evidence of

eyewitness identification used against defendant was impermissibly suggestive and thus inadmissible under the two-part test applied in *Manson v. Brathwaite,* 432 *U.S.* 98, 97 *S.Ct.* 2243, 53 *L.Ed.*2d 140 (1977), and followed as a state law standard in *State v. Madison,* 109 *N.J.* 223, 232–33, 536 *A.*2d 254 (1988);

And that test requiring inquiry into, first, whether the identification procedure was impermissibly suggestive, and second, whether the procedure was so suggestive as to result in a very substantial likelihood of irreparable misidentification, *Madison, supra,* 109 *N.J.* at 232, 536 *A.*2d 254;

And the second inquiry requiring consideration of five factors: (1) the opportunity of the witness to view the suspect at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the suspect; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation, *id.* at 239–40, 536 *A.*2d 254;

And the Court having granted leave to appear as amicus curiae to the Association of Criminal Defense Lawyers of New Jersey and The Innocence Project;

And the parties and amici having submitted arguments about the reliability of identification evidence and the current framework for evaluating the admissibility of such evidence;

And the Court having noted previously that, based on recent empirical research, "[m]isidentification is widely recognized as the single greatest cause of wrongful convictions in this country," *State v. Delgado,* 188 *N.J.* 48, 60–61 & n. 6, 902 *A.*2d 888 (2006);

And the Court having further recognized that in 2001 the New Jersey Attorney General established Guidelines for Preparing and Conducting Photo and Live Lineup Identification Procedures to reduce suggestive eyewitness identifications in this state, *State v. Herrera,* 187 *N.J.* 493, 502 n. 2, 511–20, 902 *A.*2d 177 (2006);

And the parties and amici having raised and argued questions about the possible shortcomings of the *Manson/Madison* test in light of more recent scientific research;

And this Court having determined on prior occasions that when resolution of a critical issue depends on a full and complete record the Court should await, before decision, the development of such a record, *State v. Moore*, 180 *N.J.* 459, 460–61, 852 *A.2d* 1073 (2004); *Am. Trucking Ass'ns v. State*, 164 *N.J.* 183, 183–84, 752 *A.2d* 1286 (2000); *see also Herrera, supra,* 187 *N.J.* at 504, 902 *A.2d* 177;

And the Court having heard argument of the parties and having concluded that an inadequate factual record exists on which it can test the current validity of our state law standards on the admissibility of eyewitness identification;

And the Court having concluded that, until such a record is established, the Court should not address the question of the admissibility of the eyewitness identification presented in this case;

And for good cause appearing;

It is ORDERED that the matter is remanded summarily to the trial court for a plenary hearing to consider and decide whether the assumptions and other factors reflected in the two-part *Manson/Madison* test, as well as the five factors outlined in those cases to determine reliability, remain valid and appropriate in light of recent scientific and other evidence; and it is further

ORDERED that, subject to any rulings by the trial court regarding the proofs to be submitted on remand, defendant and the State each shall present before that court testimony and other proof, including expert testimony, in support of their respective positions; and it is further

ORDERED that the Attorney General of New Jersey and the Office of the Public Defender, as well as amici, The Association of Criminal Defense Lawyers of New Jersey and The Innocence Project, shall each participate in developing the aforesaid record; and it is further

ORDERED that on the entry of the trial court's opinion on remand, the parties and amici shall each have twenty-one days within which to file briefs and appendices in this Court and five days thereafter to file any responding briefs; and it is further

ORDERED that on the completion of the briefing, the Court will determine whether additional oral arguments are required; and it is further

ORDERED that jurisdiction is otherwise retained.

Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO, and HOENS join in the Court's Order.