164 A.3d 402

STATE OF NEW JERSEY, STATE AGRICULTURE DEVELOPMENT COMMITTEE, COUNTY OF HUNTERDON, PLAINTIFFS, AND TOWNSHIP OF FRANKLIN, PLAINTIFF-PETITIONER, v. QUAKER VALLEY FARMS, LLC AND DAVID DEN HOLLANDER, DEFENDANTS-RESPONDENTS.

March 16, 2017

164 A.3d 402

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. J.L.G., A/K/A J.L.J., DEFENDANT-PETITIONER.

March 17, 2017

## ON PETITION FOR CERTIFICATION

## CORRECTED ORDER

To the Appellate Division, Superior Court:

A petition for certification of the judgment in A–003725–14 having been submitted to this Court, and the Court having considered the same;

And the petition raising the question whether the trial court properly denied defendant's motion to exclude the testimony of the State's expert regarding Child Sexual Abuse Accommodation

Syndrome (CSAAS), on the grounds that CSAAS testimony was irrelevant to defendant's trial, that its admission was unduly prejudicial to defendant, and that CSAAS testimony is not sufficiently reliable to meet the standard of *N.J.R.E.* 702;

And the parties having raised and argued, before the trial court in this case, questions about the reliability of CSAAS testimony in light of recent scientific evidence;

And this Court having determined on prior occasions that when resolution of a critical issue depends on a full and complete record the Court should await, before decision, the development of such a record, *State v. J.R.*, —— *N.J.* ——, ——, —— *A.*3d —— (2017); *State v. Henderson*, 208 *N.J.* 208, 228 (2011); *State v. Moore*, 180 *N.J.* 459, 460–61 (2004);

And this Court having concluded that there is not an adequate factual record on which it can determine whether CSAAS is sufficiently reliable to meet the standard of *N.J.R.E.* 702;

And the Court having concluded that, until such a record is established, the Court should not address the question whether CSAAS evidence is admissible under *N.J.R.E.* 702;

And for good cause appearing;

It is ORDERED that the petition for certification is granted, limited to the question whether the trial court, properly denied defendant's motion to exclude the testimony of the State's expert regarding CSAAS, on the grounds that CSAAS testimony was irrelevant to defendant's trial, that its admission was unduly prejudicial to defendant, and that CSAAS testimony is not sufficiently reliable to meet the standard of *N.J.R.E.* 702; and it is further

ORDERED that the matter is remanded summarily to the trial court for a hearing, pursuant to *N.J.R.E.* 104, to determine whether CSAAS evidence meets the reliability standard of *N.J.R.E.* 702, in light of recent scientific evidence; and it is further

ORDERED that, subject to any rulings by the trial court regarding the proofs to be submitted on remand, the State and defendant each shall have the opportunity to present before that court testimony and other proof, including expert testimony, in support of their respective positions; and it is further

ORDERED that any party seeking to appear as amicus curiae and to participate in the development of the record may move before the trial court within 30 days of the filing date of this order, with the extent of participation to be determined by the trial court; and it is further

ORDERED that on the entry of the trial court's opinion on remand, the parties and any amici shall each have twenty-one days within which to file briefs and appendices to this Court and five days thereafter to file any responding briefs; and it is further

ORDERED that jurisdiction is otherwise retained.